UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAARV WATERPROOFING INC., | Docket No. |
| Plaintiff, | Civil Action |
| vs. | **COMPLAINT** |
| ASHKENAZY ACQUISITION CORP., AAC CROSS COUNTY MALL LLC, and SUNBELT RENTALS, INC. | |
| Defendants. | |

Plaintiff, Maarv Waterproofing Inc. ("Maarv"), by its attorneys, Peckar & Abramson, P.C., as and for its Complaint against the Defendants, alleges as follows:

### Parties

1. Maarv was and is a corporation duly organized and existing pursuant to the laws of the State of New Jersey and registered to do business in the State of New York, with its principal place of business and nerve center located at 68 Colfax Avenue, Clifton, New Jersey.

2. Upon information and belief, defendant Ashkenazy Acquisition Corp. ("Ashkenazy") is a corporation duly organized and existing under the laws of the State of New York with its principal place of business and nerve center located at 150 East 58th Street, New York, New York.

3. Upon information and belief, defendant AAC Cross County Mall LLC ("AAC") is a limited liability company duly organized and existing under the laws of the

State of New York with its principal place of business and nerve center located at 150 East 58th Street, New York, New York.

4. Upon information and belief, defendant Sunbelt Rentals, Inc. ("Sunbelt") is a corporation duly organized and existing under the laws of the State of North Carolina with its principal place of business and nerve center located at 2341 Deerfield Drive, Fort Mill, South Carolina.

### Jurisdiction and Venue

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) because the construction work at issue was performed in Yonkers, New York, and, thus, the events giving rise to plaintiff's claims herein occurred in this District and the property that is the subject of this action is situated in this District; and because defendants Ashkenazy and AAC reside in this District under 28 U.S.C. § 1391(c).

### COUNT I

5. Ashkenazy and Maarv executed an agreement dated November 9, 2016 ("the Contract") by which Maarv was retained to perform certain work and furnish certain materials in connection with repairs and improvements to a parking garage at the Cross County Mall in Yonkers, New York ("the Project").

6. The price of the Contract was $1,861,000.00.

7. The Contract included a schedule of values providing a breakdown of the $1,861,000.00 price according to twenty-five work operations under the Contract.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

8. Some of the individual items in the Contract schedule of values were valued on a unit price basis, with the unit price being applied on either a per square foot basis, a per linear foot basis or a per item basis; and the remaining individual items in the Contract schedule of values were valued on a lump sum basis.

9. Maarv complied with all of the terms and conditions of the Contract, except to the extent compliance was waived, excused, or rendered impractical or unnecessary by Ashkenazy.

10. Maarv performed all of the work required by the Contract that was available to be performed. In particular, Maarv performed all of the work encompassed by item numbers 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 24, and 25 of the schedule of values in the Contract.

11. AAC and Ashkenazy have had full use and occupancy of the entire parking garage that was the subject of the Contract, including Maarv's work.

12. The agreed price of the work performed by Maarv within the scope of the Contract, as calculated in accordance with the Contract schedule of values, is $1,392,125.00.

13. The Contract provided for Maarv to submit periodic applications for payment for its work on the Project and for the issuance of periodic payments to Maarv in response to the applications for payment.

14. The Contract provided that the remaining balance of the price of the work, after the issuance of the periodic payments, was to be paid upon the completion of the work.

15. Maarv submitted a number of applications for payment to Ashkenazy for Maarv's work on the Project. The applications for payment Maarv submitted to Ashkenazy

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

included a total of $1,392,125.00 invoiced for work performed by Maarv within the scope of the Contract.

16. Ashkenazy did not issue a single payment to Maarv in connection with the Project.

17. Upon information and belief, the Cross County Mall in Yonkers, New York ("the Cross County Mall"), including the parking garage that was the subject of the Contract, is owned by AAC.

18. As the owner of the Cross County Mall, AAC was a beneficiary of the Contract.

19. Ashkenazy and AAC share employees, a business address and office space, telephone numbers, and email addresses.

20. Upon information and belief, the finances and assets of Ashkenazy and AAC are intermingled and their assets are transferred, pledged and/or controlled as if owned by one common entity.

21. Upon information and belief, Ashkenazy treated itself and AAC as one and the same, doling out assets from them as it saw fit.

22. AAC paid Maarv in full for four of Maarv's applications for payment under the Contract, numbered 1, 2, 3, and 5, for a total of $760,593.75.

23. The $760,593.75 AAC paid to Maarv included a total of $718,603.75 for work within the scope of the Contract.

24. Accordingly, AAC assumed the obligations of Ashkenazy under the Contract co-extensively with Ashkenazy.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

25. In breach of their obligations, Ashkenazy and AAC failed and refused to render payment in full to Maarv for the work performed by Maarv within the scope of the Contract.

26. As a result of Maarv's performance of work within the scope of the Contract with a total agreed price of $1,392,125.00 as determined by the Contract schedule of values and AAC's payments to Maarv totaling $718,603.75 for work within the scope of the Contract, there is a balance due and owing by Ashkenazy and AAC to Maarv in the sum of $673,521.25 for work within the scope of the Contract.

27. Maarv is also entitled to interest under New York General Business Law § 756-b for the payments that remain due and owing in connection with the Project.

28. By reason of the foregoing, Ashkenazy and AAC breached the Contract and are liable, jointly and severally, to Maarv for the sum of $673,521.25 for work within the scope of the Contract.

### COUNT II

29. Maarv repeats and realleges each and every allegation contained in paragraphs 1 through 25 as if fully set forth herein.

30. Upon information and belief, Ashkenazy entered into the Contract as the agent for AAC.

31. By reason of the foregoing, AAC breached the Contract and is liable to Maarv for the sum of $673,521.25 for work within the scope of the Contract.

### COUNT III

32. Maarv repeats and realleges each and every allegation contained in paragraphs 1 through 25 as if fully set forth herein.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

33. Upon information and belief, Ashkenazy assigned the Contract to AAC.

34. By reason of the foregoing, AAC breached the Contract and is liable to Maarv for the sum of $673,521.25 for work within the scope of the Contract.

### COUNT IV

35. Maarv repeats and realleges each and every allegation contained in paragraphs 1 through 25 as if fully set forth herein.

36. Maarv sent applications for payment to Ashkenazy, and thereby by AAC, for work performed in connection with the Project, which included a total invoiced of $1,392,125.00 for work within the scope of the Subcontract at the agreed prices in the Contract schedule of values.

37. Maarv's applications for payment were delivered to, accepted and retained by Ashkenazy, and thereby to AAC, without objection as to the amounts invoiced for work within the scope of the Contract.

38. Ashkenazy and AAC failed and refused to render payment to Maarv for said applications for payment, except for the payment of a total of $760,593.75 by AAC to Maarv, which included a total of $718,603.75 for work within the scope of the Contract.

39. By reason of the foregoing, there is an account stated by which Ashkenazy and AAC are liable, jointly and severally, to Maarv for the sum of $673,521.25 for work within the scope of the Contract.

### COUNT V

40. Maarv repeats and realleges each and every allegation contained in paragraphs 1 through 25 as if fully set forth herein.

41. In addition to work within the scope of the Contract, Maarv performed extra work and furnished additional materials in connection with the Project, at the request of and/or with the knowledge and consent of Ashkenazy and AAC, which work and materials were necessary for the performance of the repairs and improvements to the parking garage and for which Maarv is entitled to payment.

42. The total fair and reasonable value of the extra work performed and additional materials furnished by Maarv in connection with the Project is $490,075.00.

43. The Contract recognized that Maarv may have to perform extra work and furnish additional materials in connection with the Project in return for additional payments.

44. Maarv's performance of extra work and furnishing of additional materials in connection with the Project comprised seven items, two of which were denominated by Maarv as Change Order 1 and five of which were denominated by Maarv as Change Order 2.

45. Change Order 1 had a fair and reasonable value and agreed price of $44,250.00.

46. As of August 22, 2017, Maarv performed $44,200.00 of the $44,250.00 total amount of Change Order 1.

47. Maarv issued a bill for its performance of work and furnishing of materials valued at $44,200.00 for Change Order 1 through application for payment number 5, signed by Maarv on August 22, 2017.

48. As the Contract provided for the withholding of five percent from progress payments as retainage pending the completion of the work performed, Maarv, in application for payment number 5, billed for ninety-five percent of the value of $44,200.00 for the work performed and materials furnished for Change Order 1, which amounted to $41,990.00.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

49. On September 19, 2017, AAC issued payment to Maarv in the sum of $124,099.69, which represented the full amount of what Maarv billed in application for payment number 5, including $41,990 for Change Order 1.

50. Maarv issued a bill for its performance of work and furnishing of materials valued at $445,825.00 for Change Order 2 through application for payment number 6, signed by Maarv on October 30, 2017.

51. In breach of their obligations, Ashkenazy and AAC have failed and refused to pay Maarv for application for payment number 6.

52. In breach of their obligations, Ashkenazy and AAC have failed and refused to pay Maarv in full for the full value of the extra work performed and additional materials furnished by Maarv in connection with the Project.

53. Against the total value of $490,075.00 of the extra work performed and additional materials furnished by Maarv, payment in the sum of $41,990.00 has been received by Maarv, leaving a balance due and owing by Ashkenazy and AAC to Maarv in the sum of $448,085.00 for the extra work performed and additional materials furnished by Maarv in connection with the Project.

54. By reason of the foregoing, Ashkenazy and AAC are jointly and severally liable to Maarv in the sum of $448,085.00 for the extra work performed and additional materials furnished by Maarv in connection with the Project.

## COUNT VI

55. Maarv repeats and realleges each and every allegation contained in paragraphs 1 through 28 and 37 through 51 as if fully set forth herein.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

56. By reason of the foregoing, AAC, as principal, breached the Contract, entered into by Ashkenazy, as agent, and AAC is liable to Maarv for the sum of $448,085.00 for the extra work performed and additional materials furnished by Maarv in connection with the Project.

### COUNT VII

57. Maarv repeats and realleges each and every allegation contained in paragraphs 1 through 25, 29 through 31, and 37 through 51 as if fully set forth herein.

58. By reason of the foregoing, AAC, as assignee of the Contract entered into by Ashkenazy, breached the Contract and AAC is liable to Maarv for the sum of $448,085.00 for the extra work performed and additional materials furnished by Maarv in connection with the Project.

### COUNT VIII

59. Maarv repeats and realleges each and every allegation contained in paragraphs 1 through 25 and 37 through 51 as if fully set forth herein.

60. As a result of the work performed and materials furnished by Maarv to effectuate the construction work and repairs to the parking garage at the Cross County Mall, the value of the Cross County Mall owned by AAC has been enhanced; AAC has benefited from Maarv's work and materials; and AAC has been unjustly enriched in the sum of $1,121,606.25 on account of the benefits conferred upon it by Maarv, which have been accepted and retained by AAC and for which payment has not been made.

### COUNT IX

61. Maarv repeats and realleges each and every allegation contained in paragraphs 1 through 55 as if fully set forth herein.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

62. Upon information and belief, at all times relevant to the Complaint, AAC was and is the Owner of the land and premises located at 8000 Mall Walk "Garage", Yonkers, New York, designated on the tax map as Block 5175, Lot 1, Section 5 ("the Property"), which is also known as the Cross County Mall.

63. As stated above, Maarv became entitled to payment for the agreed price and fair and reasonable value of the work it performed and the materials it furnished at the Property in the total amount of $1,882,200.00.

64. In breach of its obligations, AAC failed and refused to issue payment in full to Maarv.

65. The sums due to Maarv are on account of work performed and materials furnished by Maarv for which the benefit was retained by AAC, and all of said work and materials were actually used and incorporated in connection with the construction on and repairs and improvements to the Property

66. All of the labor, materials and construction work for the repairs and improvements referred to hereinabove on the Property were performed and/or furnished by Maarv with the knowledge and consent of AAC.

67. No part of the sums due on account of Maarv's invoices with an agreed price and reasonable value of the sum of $1,882,200.00 has been paid, except for the sum of $760,593.75, thereby leaving a balance due and owing from AAC to Maarv of $1,121,606.25, plus interest. Payment has heretofore been duly demanded and AAC has failed and refused to remit same. AAC was actually indebted to Maarv for said sum at the time of the filing of the Notice Under Mechanic's Lien Law hereinafter referred to.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

68. On July 17, 2018, and within eight (8) months after the final performance of work and furnishing of materials, dating from the last item of work performed and materials furnished,, Maarv caused to be duly filed in the Office of the Clerk of Westchester County, and the same was duly entered and docketed therein, a Notice Under Mechanic's Lien Law ("Mechanic's Lien").

69. Maarv's Mechanic's Lien, claimed as aforesaid, has not been paid, canceled, or discharged, and no other action or proceeding at law or in equity has been brought by Maarv for the foreclosure thereof.

70. Maarv's Mechanic's Lien was duly served upon AAC and Ashkenazy within five (5) days before or thirty (30) days subsequent to its filing in the Office of the Clerk of Westchester County and Proof of Service of said Mechanic's Lien upon said Defendants was duly filed in the Office of the Clerk of Westchester County.

71. Sunbelt is named as a Defendant by virtue of its having filed a Notice of Mechanic's Lien against the Property on or about August 6, 2018.

72. Upon information and belief, some or all of the Defendants herein have a claim to or have some interest in or lien upon the Property which interest or lien, if any, is subsequent and subordinate to Maarv's Mechanic's Lien.

WHEREFORE, plaintiff Maarv Waterproofing Inc. hereby demands judgment as follows:

1. Pursuant to Count I, in the sum of $673,521.25 against Defendants Ashkenazy Acquisition Corp. and AAC Cross County Mall LLC, jointly and severally, together with interest, costs and disbursements and such other and further relief as this Court deems just and proper.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

11

2. Pursuant to Count II, in the sum of $673,521.25 against Defendant AAC Cross County Mall LLC, together with interest, costs and disbursements and such other and further relief as this Court deems just and proper.

3. Pursuant to Count III, in the sum of $673,521.25 against Defendant AAC Cross County Mall LLC, together with interest, costs and disbursements and such other and further relief as this Court deems just and proper.

4. Pursuant to Count IV, in the sum of $673,521.25 against Defendants Ashkenazy Acquisition Corp. and AAC Cross County Mall LLC, jointly and severally, together with interest, costs and disbursements and such other and further relief as this Court deems just and proper.

5. Pursuant to Count V, in the sum of $448,085.00 against Defendants Ashkenazy Acquisition Corp. and AAC Cross County Mall LLC, jointly and severally, together with interest, costs and disbursements and such other and further relief as this Court deems just and proper.

6. Pursuant to Count VI, in the sum of $448,085.00 against Defendant AAC Cross County Mall LLC, together with interest, costs and disbursements and such other and further relief as this Court deems just and proper.

7. Pursuant to Count VII, in the sum of $448,085.00 against Defendant AAC Cross County Mall LLC, together with interest, costs and disbursements and such other and further relief as this Court deems just and proper.

8. Pursuant to Count VIII, in the sum of $1,121,606.25 against Defendant AAC Cross County Mall LLC, together with interest, costs and disbursements and such other and further relief as this Court deems just and proper.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

9.      Pursuant to Count IX:

(a) Adjusting and determining the equity of all of the parties to this action and determining the validity, extent and priority of each and all of the liens and claims which may be presented and asserted herein;

(b) Adjudging that Maarv Waterproofing Inc., by filing and causing the docketing of the Mechanic's Lien aforesaid, acquired a good and valid lien upon the interests of Defendant AAC Cross County Mall LLC, as owner of the Property hereinabove described, for the agreed price and reasonable value of the work performed to construct the repairs and improvements hereinabove described in the sum of $1,027,496.25, with interest thereon, together with the costs and disbursements of this action and adjudging that said Mechanic's Lien have priority over all other liens and claims against the Property;

(c) That Defendants, and each of them, and all persons claiming by, through or under them, or any of them, be forever foreclosed of all equity of redemption or other lien, claim or interest in and to the said Property;

(d) That the Premises described be sold, as provided by law, and that out of the proceeds of such sale, Plaintiff Maarv Waterproofing Inc., be paid the amount of its Mechanic's Lien aforesaid, and interest, with the expenses of the sale and the costs and disbursement of this action; and that Plaintiff Maarv Waterproofing Inc., have judgment against Defendants Ashkenazy Acquisition Corp. and AAC Cross County Mall LLC for any deficiency which may then remain; and

(e) For such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       October 12, 2018

                          PECKAR & ABRAMSON, P.C.
                          Attorneys for Plaintiff Maarv Waterproofing Inc.

                          By: _____
                                 ALAN WINKLER
                          1325 Avenue of the Americas, 10th Floor
                          New York, New York 10019
                          (212) 382-0909

LAW OFFICES

Peckar &
Abramson

A Professional Corporation